UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

IDRISSA OSEI,
Plaintiff

vs. CIVIL ACTION NO. 06-274T

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,
Defendant

**PRETRIAL ORDER - JURY CASE**

1. Pretrial Filings. On or before **MAY 11th, 2007**, each party shall file a Pretrial Memorandum, and any proposed voir dire questions as described in paragraphs 2-3.

At time of impanelment, each party shall submit to the Court a Witness List, an Exhibit List, an Exhibit Book and proposed Jury Instructions as described in paragraphs 4-6.

Failure to submit any pretrial filing on or before the due date may result in the imposition of sanctions and/or the exclusion of any evidence that should have been disclosed in a timely submission.

2. Pretrial Memorandum. The Pretrial Memorandum shall not exceed 25 pages in length and shall consist of the following sections:

A. Parties - a list of all parties and their trial counsel.

B. Facts - a concise recitation of the relevant facts.

C. Claims and Defenses - a brief statement of each claim for relief and/or defense asserted by the party filing the Memorandum. Any claim or defense not included shall be deemed waived.

D. Damages - a brief and specific description of the nature, extent and amount of all damages claimed by the party filing the Memorandum.

E. Issues - a numbered list of the factual and legal issues (including any anticipated evidentiary questions) that must be resolved in order to fairly adjudicate the case.

F. Arguments - a concise statement of the argument made in support of each claim and/or defense described in paragraph 2C together with citations to the authorities relied upon. Copies of any statutes, opinions, or other authorities cited shall be submitted with the Memorandum.

G. Pending Matters - a list and description of any motions and any matters that counsel believe ought to be considered by the Court prior to trial.

H. Estimated time of trial - Counsel's precise estimate of the time required to present his or her evidence and the time required to litigate the entire case.

3. Proposed Voir Dire Questions - shall consist of a list of all questions that counsel requests the Court ask of prospective jurors during voir dire examination, and a list of specific topics that counsel wishes to question prospective jurors about, directly.

4. Witness and Exhibit List. The following witness and exhibit lists shall be submitted:

A. Witness List - a list of all witnesses whose testimony the party filing the list intends to present at trial (indicating whether such testimony will be live or by way of deposition).

B. Exhibit List - A list of all exhibits that the party filing the Supplement intends to offer at trial. The list should sufficiently describe the exhibit and include the date on which it was created. In addition, 1-2 lines of space should be provided between each exhibit to permit the Court to make brief notes with respect to the exhibit. The following format is illustrative:

| Identification | Full | Exhibit Number | Description of Exhibit |
|---|---|---|---|
| | | 1 | 3/22/96 letter from John Doe to Mary Smith |
| | | 2 | 7/10/96 purchase agreement between X Corp. and Richard Roe |

| Identification | Full | Exhibit Number | Description of Exhibit |
|---|---|---|---|
| | | 3 | 9/1/96 photo of 101 Elm St. |

Before submitting their respective lists, counsel should confer to eliminate duplication (i.e., exhibits that appear on both lists) to the maximum extent possible.

Failure to timely file a witness list and/or exhibit list or to include a witness or exhibit may be grounds for sanctions or excluding from evidence the witness or exhibit not disclosed.

5. Exhibit Book. A party's Exhibit Book shall consist of copies of those documents and/or photographs set forth on its exhibit list that the party intends to offer at trial. Said copies shall be arranged in order in one or more three-ring binders and shall be separated by tabs bearing labels corresponding to each exhibit's designation (e.g., Ex. A, Ex. B, etc.). The exhibit designations shall correspond to those on the Exhibit List furnished to the Court and to the pre-markings on the original documents and photographs that will be offered as evidence.

Plaintiff's exhibits shall be marked numerically; and, in the case of groupings of related exhibits, they shall be marked with a number and a letter (e.g. 1A, 1B, 1C).

Defendant's exhibits shall be marked alphabetically; and groupings of related exhibits shall be marked with a letter and a

number (e.g. A1, A2, A3). After the letters of the alphabet have been exhausted, Defendant's exhibits shall be marked with double letter designations (e.g. AA, BB, CC).

6. Jury Instructions. On or before **MAY 22nd, 2007** counsel for each party asserting a claim, counterclaim, cross-claim, etc., and counsel for each party asserting an affirmative defense shall submit its proposed jury instructions to all other parties. Prior to impanelment, counsel shall meet and confer for the purpose of discussing any modifications proposed by the other parties and shall make an effort to reach agreement with respect to a joint request for jury instructions. Such meeting shall be initiated by counsel for the defendants.

As soon as possible thereafter (but, in any event, no later than the date on which trial commences), counsel shall submit their joint request for jury instructions to the Court. If counsel cannot agree upon a complete set of instructions, counsel shall submit the portion on which they have agreed; and, in addition, each party shall submit any supplemental instructions requested by that party and upon which no agreement could be reached.

The requested instructions shall include:

A. A brief statement explaining to the jury the nature of the claims and/or defenses asserted by that party;

B. An enumeration of the elements that must be proven to sustain each claim and/or defense.

Each request shall be numbered and shall be set forth on a separate page in order to facilitate possible integration into the Court's charge. Requested instructions that have not been agreed upon shall contain citations to the legal authority for such instruction.

When all parties have rested, or at such earlier time as the Court designates, counsel will be afforded an opportunity to submit supplemental requests for jury instructions with respect to unanticipated issues raised by the evidence presented. Individual requests for supplemental instructions will not be considered unless the requesting party makes a strong showing that, in the exercise of due diligence, it could not have made the request on or before the date on which trial commenced.

Any claim or defense for which no proposed instruction is submitted may be deemed waived and failure to object to any proposed charge may be deemed a waiver of any objection to such proposed charge.

7. Trial. This case shall be in order for trial at any time after the date fixed for filing pretrial memoranda. Once the case is placed on the Court's trial calendar, counsel should be prepared to proceed at time of impanelment or upon 24 hours notice thereafter. It is the duty of counsel to maintain contact with the calendar clerk to ascertain the status of the case from time to time.

8. Use of Recorded Testimony or Evidence at Trial. Counsel for any party proposing to read or play, during trial, evidence that has been previously recorded (e.g. depositions, tape recorded conversations) shall comply with the requirements of LR Cv 39(b).

9. Post Trial Exhibit List - At or before the conclusion of the evidence, counsel for each party shall submit a "clean" list of only those exhibits offered by such party that have been admitted into evidence. Such lists shall be in a form suitable for submission to the jury and shall set forth the following information with respect to each exhibit to the extent applicable:

A. Exhibit Number

B. Date

C. A brief description of the exhibit that will enable the jurors to identify it but which does not characterize the exhibits or its contents (e.g. letter from A to B; photograph of 100 Main Street).

10. Jury Costs. In cases that are settled after a jury has been summoned, jury costs and/or attorneys' fees may be assessed against one or more of the parties and/or their counsel if the Court determines the tardiness of the settlement was due to

unreasonable or vexatious conduct or failure to make a good-faith effort to settle the case earlier. Therefore, every effort should be made to settle cases before that time.

BY ORDER:

Deputy Clerk

ENTER:

Senior U.S. District Judge
Ernest C. Torres

Date: 4/20/2007

forms\pretrial order jury case
December 16, 2005