**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| IDRISSA OSEI,<br>Plaintiff,<br>v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY<br>Defendant. | C.A. No. 06-274T |

**DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S MEMORANDUM IN SUPPORT OF ITS CROSS MOTION FOR JUDGMENT ON THE RECORD FOR JUDICIAL REVIEW**

Defendant, Hartford Life and Accident Insurance Company ("Hartford"), submits this Memorandum in support of its Cross Motion for Judgment on the Record for Judicial Review. Plaintiff brings this action pursuant to the Employment Retirement Income Security Act ("ERISA")[1] for judicial review of Hartford's denial of Plaintiff's application for benefits under an Accidental Death Plan.[2] Facts at ¶ 1. The Court must grant judgment in favor of Hartford because Hartford's denial of Plaintiff's claim for Accidental Death Benefits was not arbitrary and capricious since: 1) Decedent's death was the result of circumstances specifically excluded under the Accidental Death Plan; and 2) Decedent's death was the result of circumstances that are not covered under the Accidental Death Plan.

For Plaintiff to receive Accidental Death Benefits, Decedent's death must be both covered **and** not specifically excluded under the Accidental Death Plan. If Decedent's death was either specifically excluded **or** not covered under the Accidental Death Plan, then Plaintiff is not entitled to Accidental Death Benefits. As detailed below, Plaintiff is not entitled to Accidental

[1] Codified at 29 U.S.C. § 1132(a)(1)(B).

[2] Plaintiff applied for and Hartford paid Plaintiff the full amount of benefits under Decedent's Life Insurance Plan.

Death Benefits because Decedent's death is specifically excluded under the Accidental Death Plan as it was caused or contributed to by Decedent's intoxication and his use of marijuana. In addition to being specifically excluded under the Accidental Death Plan, Decedent's death is not covered under the Accidental Death Plan because it was not the result of an accidental injury, independent of all other causes.

## ARGUMENT

### I. HARTFORD'S DENIAL OF PLAINTIFF'S BENEFITS CLAIM MUST BE REVIEWED UNDER THE ARBITRARY AND CAPRICIOUS STANDARD AND LIMITED TO THE RECORD FOR JUDICIAL REVIEW

Plaintiff's ERISA claim for review of Hartford's denial of Accidental Death Benefits must be reviewed under the arbitrary and capricious standard of review. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). In Firestone, the Supreme Court determined that the arbitrary and capricious standard of review applies when a plan "gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone, 489 U.S. at 115; accord Terry v. Bayer Corp., 145 F.3d 28, 37 (1st Cir. 1998). While there are no magic words that confer discretion, "when a grant of discretionary authority is found," the arbitrary and capricious standard of review applies. Brigham v. Sun Life of Canada, 317 F. 3d 72, 81 (1st Cir. 2003), citing Recupero v. New England Tel. and Tel. Co., 118 F.3d 820, 827 (1st Cir. 1997).

The Accidental Death Plan in this case states:

> We have full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Policy.

Facts at ¶ 4. "We" is defined as "the Hartford Life and Accident Insurance Company. Id. This clearly gives Hartford the discretion to both determine a claimant's eligibility for benefits and to construe and interpret the terms of the Accidental Death Plan. As such, Hartford's denial of

Plaintiff's claim for Accidental Death Benefits must be reviewed under the arbitrary and capricious standard of review.

"The arbitrary and capricious standard asks only whether a fact finder's decision is **plausible** in light of the record as a whole . . . or, put another way whether the decision is supported by substantial evidence in the record." Leahy v. Raytheon Co., 315 F.3d 11, 17 (1st Cir. 2002)(citations omitted)(emphasis added). Under the arbitrary and capricious standard of review, a Court must not substitute its judgment for that of the decision maker whose decision or interpretation of the plan "will not be disturbed if it is **reasonable**." Terry v. Bayer Corp., 145 F.3d 28, 40 (1st Cir. 1998)(emphasis added). Evidence is "'substantial' if it is reasonably sufficient to support a conclusion." Vlass v. Raytheon Employees Disability Trust, 244 F.3d 27, 29 (1st Cir. 2001) (citations omitted).

The evidence that this Court will review, under the arbitrary and capricious standard of review, is limited to the evidentiary record presented to the administrator. See Liston v. Unum Corp. Officer Severance Plan, 330 F. 3d 19, 23 (1st Cir. 2003). The parties filed the administrative Record for Judicial Review with this Court on March 14, 2007.

In an ERISA case, like the one presently before the Court, "no special inferences are drawn in favor of the plaintiff resisting summary judgment; on the contrary, the rationality standard tends to resolve doubts in favor of the administrator." Beauvais v. Citizens Financial Group, Inc., 418 F.Supp.2d 22, 30 (D.R.I. 2006) (Torres, J.), citing Liston v. Unum Corp. Officer Severance Plan, 330 F.3d 19, 24 (1st Cir. 2003). In addition, the existence of "contradictory evidence does not, in itself, make the administrator's decision arbitrary." Vlass v. Raytheon Employees Disability Trust, 244 F.3d 27, 29 (1st Cir. 2001)(citations omitted); see also Sullivan v. Raytheon Co., 262 F.3d 41, 50-51 (1st Cir. 2001); Doyle v. Paul Revere Life Ins. Co., 144

F.3d 181, 183-184 (1st Cir. 1998); Recupero v. New England Telephone and Telegraph Co., 118 F.3d 820, 830 (1st Cir. 1997).

As discussed below, Hartford's decision was not arbitrary and capricious because its decision to deny benefits was not only plausible, it was correct.

## II. HARTFORD'S DECISION THAT PLAINTIFF WAS NOT ENTITLED TO BENEFITS UNDER THE ACCIDENTAL DEATH PLAN WAS CORRECT

As explained above, the Court must uphold Hartford's decision to deny benefits if its decision was plausible. As explained below, Hartford's decision to deny benefits was not arbitrary and capricious because: A) Hartford's determination that Decedent's death was specifically excluded because it was caused or contributed to by his alcohol intoxication and drug use was not only plausible, it was correct; and B) Hartford's determination that Decedent's death was not covered because it was not the result of an accidental injury, independent of all other causes, was similarly plausible and correct.

Under the terms of the Accidental Death Plan, Plaintiff can receive Accidental Death Benefits only if Decedent's death was **both** covered **and** not specifically excluded under the Accidental Death Plan. Consequently, if this Court finds that **either** Hartford's determination that Decedent's death was specifically excluded under the Accidental Death Plan was plausible **or** that Hartford's determination that Decedent's death was not covered under the Accidental Death Plan was plausible, then Plaintiff is not entitled to Accidental Death Benefits and the Court must grant Hartford's Motion for Judgment on the Record for Judicial Review.

### A. PLAINTIFF IS NOT ENTITLED TO BENEFITS BECAUSE DECEDENT'S DEATH WAS SPECIFICALLY EXCLUDED FROM COVERAGE

The Accidental Death Plan specifically excludes loss caused or contributed to by "the injured person's intoxication," as well as, loss caused or contributed to by "taking [unprescribed] drugs." Facts at ¶ 6. The Accidental Death Plan specifically defines "intoxication" stating,

"Intoxication means that blood alcohol content or the results of other means of testing blood alcohol level meet or exceed the legal presumption of intoxication under the law of the state where the accident took place." Facts at ¶ 6. Decedent's blood alcohol level exceeded the legal presumption of intoxication in Rhode Island. Facts at ¶ 13. Consequently, it is undisputed that Decedent was intoxicated under the terms of the Accidental Death Plan. As discussed below, based on the evidence before it, Hartford determined that Decedent's death was caused or contributed to by his intoxication and drug use. Because Hartford has discretion to determine eligibility for benefits, the Court must uphold Hartford's decision if it was plausible. Leahy v. Raytheon Co., 315 F.3d 11, 17 (1st Cir. 2002).

Hartford conducted a thorough investigation of Plaintiff's claim, diligently seeking and obtaining information relating to Decedent's death from the Lincoln Police Department, Rhode Island Hospital, and the Office of the Medical Examiner. Facts at ¶ 10-12, 15. The Police Report indicated that Decedent was traveling in the right hand lane on Route 99 in Lincoln when Decedent's vehicle left the road and "traveled on the grass shoulder for 166'7" before striking and shearing from its base a metal light post which was located where the travel lane and grass meet." Facts at ¶ 16. Decedent's vehicle then returned to the road where it traveled 83'10" before it left the road again and rolled over. Facts at ¶ 16. The Police Report indicated that the road was dry and there were no adverse weather conditions. Facts at ¶ 17. The Police interviewed the individual that had been traveling behind Decedent's vehicle prior to the collision and he stated that he saw nothing that would indicate what caused the accident. Facts at ¶ 18.

According to the Autopsy Report, Decedent had "acute ethanol intoxication." Facts at ¶ 14. The Forensic Toxicology Report stated that Decedent's blood alcohol level exceeded the

legal presumption of intoxication[3] and that his blood also contained active and inactive metabolites of marijuana. Facts at ¶ 13. The medical record review obtained by Hartford indicated that the presence of active marijuana metabolites in the blood indicates chronic or recent use of marijuana. Facts at ¶ 29. The medical record review also noted that, "there is almost universal agreement that a prominent danger of marijuana is its effect on motor performance. Preclinical, clinical and even actual driving tests under the influence of marijuana support an impairment of motor performance." Id. With respect to the alcohol intoxication, the medical record review indicated that:

> Low to moderate BAC's (0.03 to 0.05 percent) interfere with voluntary eye movements, impairing the eye's ability to rapidly track a moving target. . . Steering is a complex psychomotor task in which alcohol effects on eye-to-hand reaction time are superimposed upon the visual effects described above. Significant impairment in steering ability may begin as low as approximately 0.035 percent and rises as BAC increases. . . The most sensitive aspect of driving performance is the division of attention among component skills. Driver must maintain their vehicles in the proper land and direction (a tracking task) while monitoring the environment for vital safety information, such as other vehicles, traffic signals, and pedestrians. Alcohol-impaired subjects who are required to divide their attention between two tasks tend to favor one of them. Therefore, alcohol-impaired drivers tend to concentrate on steering, becoming less vigilant with respect to safety information. Results of numerous studies indicate that divided attention deficits occur as low as 0.02 percent BAC.

Facts at ¶ 30.

The Police Report included summaries of several interviews. The Police interviewed Decedent's Employer who reported that Decedent was scheduled to work 7:00pm to 11:00pm but due to an equipment malfunction was relieved of duty at 9:00pm. Facts at ¶ 19. Decedent's Employer also indicated that it had come to her attention that Decedent had gone out for drinks with a co-worker. Facts at ¶ 19. The Police interviewed Decedent's friend and co-worker who said that after work he and Decedent went to Murray's Pub and later that night saw Decedent at

---

[3] Plaintiff's blood alcohol level was 0.089. Facts at ¶ 13. The legal presumption of intoxication in Rhode Island is 0.08. R.I. Gen. Laws § 31-27-2.

Snub's Bar. Facts at ¶ 20. The Police interviewed a woman with whom Decedent had a child who described her relationship with Decedent as being "involved." Facts at ¶ 21. The woman told the police that Decedent had appeared at her home at 2:30 am and she spoke with him through the window. Facts at ¶ 21.[4]

Based on the foregoing, Hartford's conclusion that Decedent's death was caused or contributed to by his intoxication and drug use was plausible, and as such, not arbitrary and capricious. Plaintiff has suggested that the collision occurred because Decedent fell asleep at the wheel; however, Plaintiff has provided no evidence to support her position. Facts at ¶ 25. Moreover, even if Decedent did fall asleep at the wheel, it would be reasonable to conclude that Decedent's intoxication and drug use contributed to his falling asleep and his death would still be excluded under the terms of the Accidental Death Plan. Numerous courts, reviewing facts similar to those in this case under a lesser standard of review, have upheld denials of benefits based on similar exclusions. See e.g. Dipper v. Union Labor Life Ins. Co., 400 F.Supp.2d 604 (S.D.N.Y. 2005) (reviewing the insurer's decision under the de novo standard, the Court upheld insurer's conclusion that benefits were excluded under an intoxication exclusion where insured lost sight in both eyes when he upended an ATV while intoxicated); Jones v. Aetna Life Ins. Co., 2002 WL 1870469 (E.D. Pa. 2002) (reviewing the insurer's decision under a heightened standard of review, the court upheld the insurer's decision to deny benefits under an intoxication exclusion where decedent was intoxicated under Pennsylvania law at the time of the collision).

The Court must grant Hartford's Motion for Judgment on the Record for Judicial Review because Hartford's conclusion that Plaintiff is not entitled to benefits due to the fact that

[4] The summaries of the interviews with Decedent's friend and girlfriend indicate that they did not think Decedent was intoxicated; however, these apparently biased and professionally unqualified statements are trumped by the Forensic Toxicology Report, which is "unequivocal evidence of [Decedent's] intoxication at the time of death." Stamp v. Metropolitan Life Insurance Company, 466 F.Supp.2d 422, 426 (D.R.I. 2006).

Decedent's death was caused or contributed to by his intoxication and drug use, and as such, is specifically excluded from coverage under the Accidental Death Plan, was plausible.

**B. PLAINTIFF IS NOT ENTITLED TO BENEFITS BECAUSE DECEDENT'S DEATH DID NOT RESULT FROM AN ACCIDENTAL INJURY, INDEPENDENT OF ALL OTHER CAUSES**

As discussed in Section A above, Plaintiff is not entitled to benefits because Decedent's death is specifically excluded from coverage under the terms of the Accidental Death Plan. In addition to the fact that Decedent's death is clearly excluded from coverage, Decedent's death is also not covered under the Accidental Death Plan because it was not the result of an "accidental injury . . . independent of all other causes." Facts at ¶ 5. As explained below, Hartford's conclusion that Decedent's death was not the result of an accidental injury, independent of all other causes, was not arbitrary and capricious because: 1) Hartford's interpretation of the phrase "accidental injury, independent of all other causes" was reasonable; and 2) Hartford's conclusion that Decedent's death did not fulfill Hartford's interpretation of the phrase "accidental injury, independent of all other causes" was plausible.

**1. Hartford's Interpretation Of "Accidental Injury, Independent Of All Other Causes" Was Reasonable**

The Plan in this case is an Accidental Death Plan that provides "a benefit if you suffer an accidental injury while insured and a Loss results directly from such injury, independent of all other causes." Facts at ¶ 5. The Plan does not define "accidental injury." As the party charged with interpreting the Plan, Hartford interpreted "accidental injury" to mean a result that was not "foreseeable." Facts at ¶ 32. Coupled with the phrase "independent of all other causes," Hartford interpreted the phrase to mean a non-foreseeable result that occurred independent of all other causes. Id. As discussed above, because Hartford has the discretion to interpret the terms of the Plan, the Court must uphold Hartford's interpretation of "accidental injury" if it was reasonable. Terry v. Bayer Corp., 145 F.3d 28, 40 (1st Cir. 1998); see e.g. Cozzie v. Metro. Life

Ins. Co., 140 F.3d 1104 (7th Cir.1998) (upholding interpretation of accident as a result that is not foreseeable); Mullaney v. Aetna U.S. Healthcare, 103 F.Supp.2d 486 (D.R.I. 2000) (upholding denial of accidental death benefits where death was a foreseeable consequence of driving while intoxicated).

Hartford's interpretation of "accidental injury" as a result that is not foreseeable is reasonable because: 1) it is consistent with interpretations of the term accident that have been upheld by numerous other Courts; and 2) it does not contradict the plain wording of the Accidental Death Plan.

Hartford's interpretation of the phrase "accidental injury" is consistent with the interpretations of the term "accident" that other Courts have upheld. Numerous other Courts, reviewing an insurer's decision under the arbitrary and capricious standard of review, have upheld interpretations of the term "accident" that are similar or less stringent than the one Hartford applied in this case. E.g. Cozzie, 140 F.3d at 1106 (upholding, under arbitrary and capricious review, that insurer's conclusion that insured's injury was **reasonably foreseeable**, and thus not accidental, within the meaning of a policy that covered "injuries caused solely by an accident" when insured died in car wreck that occurred when insured was driving with a blood alcohol level over the legal limit); Eckelberry v. Reliastar Life Ins. Co., 469 F.3d 340 (4th Cir. 2006) (upholding, under heightened arbitrary and capricious review, insurer's denial of benefits where insurer determined that death or serious injury was **not "unexpected"** when driving with blood alcohol level over the legal limit); Miller v. Auto-Alliance Int'l, Inc., 953 F.Supp. 172, 175-77 (E.D.Mich.1997) (upholding, under arbitrary and capricious review, the insurer's denial because death or serious injury resulting from driving with a blood alcohol level over the legal limit **should have been expected**); Cates v. Metro. Life Ins. Co., 14 F.Supp.2d 1024, 1027 (E.D.Tenn.1996), aff'd 149 F.3d 1182 (6th Cir. 1998)(upholding, under arbitrary and capricious

review, the denial because it was **foreseeable** that death or serious injury would result from driving with a blood alcohol level over the legal limit); see also Mullaney v. Aetna U.S. Healthcare, 103 F.Supp.2d 486 (D.R.I. 2000) (upholding, under de novo review, the insurer's denial of benefits because "death resulting from driving while intoxicated does not constitute an accident since it is **reasonably foreseeable** that death . . . will result therefrom").

Moreover, Hartford's interpretation of the phrase "accidental injury" does not contradict the plain wording of the Accidental Death Plan.

Insofar as, Hartford's interpretation of the term accident is 1) consistent with interpretations of the term accident that have been upheld by numerous other Courts; and 2) does not contradict the plain wording of the Accidental Death Plan, the Court must uphold Hartford's interpretation of "accidental injury" because it was reasonable and, as such, not arbitrary and capricious.

**2. Based On The Evidence Before It, Hartford's Conclusion That Decedent's Death Was Not The Result Of An Accidental Injury, Independent Of All Other Causes, Was Plausible**

Applying its reasonable interpretation of the phrase "accidental injury, independent of all other causes" Hartford concluded that Decedent's death was not an accident because it was a "foreseeable outcome" that did not occur "independent of all other causes." As discussed above, because Hartford has discretion to determine eligibility for benefits, the Court must uphold Hartford's decision if it is plausible. Leahy v. Raytheon Co., 315 F.3d 11, 17 (1st Cir. 2002).

As discussed in Section A, Hartford conducted a thorough investigation of Plaintiff's claim diligently seeking and obtaining information relating to Decedent's death from the Lincoln Police Department, Rhode Island Hospital, and the Office of the Medical Examiner. Facts at ¶ 10-12, 15. Based on those facts, Hartford concluded that, in addition to being specifically excluded under the Accidental Death Plan, Decedent's death was not covered because it was a

foreseeable result of driving while intoxicated due to alcohol and drug use. Facts at ¶ 32. Likewise, Hartford concluded that because Decedent's death was contributed to by Plaintiff's intoxication and drug use, it was not "independent of all other causes." Facts at ¶ 22, 31.

Numerous courts, reviewing facts similar to those in this case under a variety of standards of review, have upheld the insurer's conclusion that death resulting from a decedent driving while intoxicated is not an accident, and is not "independent of all other causes." E.g. Mullaney v. Aetna US Healthcare, 103 F.Supp.2d 486, 495 (D.R.I. 2000) (reviewing the denial of benefits under de novo review, Judge Lagueux concluded that, "death resulting from driving while intoxicated does not constitute an accident because it is reasonably foreseeable that death or serious bodily injury will result therefrom"); Cozzie, 140 F.3d at 1106 (upholding insurer's conclusion that insured's injury was reasonably foreseeable and thus not accidental when insured died in car wreck that occurred when insured was driving with a blood alcohol level over the legal limit); Eckelberry, 469 F.3d 340 (upholding insurer's determination that death or serious injury was not "unexpected" when driving with blood alcohol level over the legal limit); Stout v. Hartford Life and Accident Insurance Company, 2006 WL 2331149 * 3 (C.D. Ill. 2006) (reviewing a decision made under an identical provision, the Court held that the insurer's determination that Plaintiff's death was not independent of all other causes because he was intoxicated was "alone enough for Hartford's denial of benefits to pass muster under the arbitrary and capricious standard of review.")

Hartford's conclusion that Decedent's death was not covered under the Accidental Death Plan because it was not the result of an accidental injury, independent of all other causes, was plausible, and as such, not arbitrary and capricious. Consequently, this Court must grant Hartford's Motion for Judgment on the Record for Judicial Review.

## **CONCLUSION**

The Court must grant Hartford's Motion for Judgment on the Record. As explained above, the Court must uphold Hartford's decision to deny Plaintiff's claim for Accidental Death Benefits because: 1) Hartford's determination that Decedent's death was specifically excluded from coverage under the Plan because it was caused or contributed to by Plaintiff's intoxication and drug use was plausible; and 2) Hartford's determination that Decedent's death was not covered because it was not the result of an accidental injury, independent of all other causes was plausible.

Respectfully Submitted,

Defendant Hartford Life and Accident Insurance Company,

By its attorney

/s/Katherine R. Parsons

Katherine R. Parsons (6810)
Crevier & Ryan, LLP
1500 Main Street, Suite 2020
Springfield, MA 01115-5532
Tel: (413) 787-2400
Facsimile: (413) 781-8235
Email: kparsons@crevierandryan.com

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 30th day of April, 2007.

/s/Katherine R. Parsons