**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

IDRISSA OSEI, as Wife and
Beneficiary of David Osei

V. C.A. No.: 06-274T

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

/s/ Anthony J. Gianfrancesco
Anthony J. Gianfrancesco, Esq. (#2762)
Baluch, Gianfrancesco, Mathieu & Alger
155 South Main Street, Suite 100
Providence, Rhode Island 02903
(401) 331-1434
Attorney for Plaintiff

Table of Contents

Jurisdictional Statement…………………………………………………………………… 1

Issue Presented for Review……………………………………………………………….. 1

Standard of Review………………………………………………………………………… 1

Statement of the Case………………………………………………………………………. 3

Statement of the Facts……………………………………………………………………… 3

Argument……………………………………………………………………………………4

Conclusion…………………………………………………………………………………..6

I. JURISDICTIONAL STATEMENT

The district court's jurisdiction is based upon 28 U.S.C. §1331, as well as 29 U.S.C. §§1132 (e) and (f). Jurisdiction is proper under the ERISA statute because this case concerns a claim for accidental death benefits provided to plaintiff's decedent through his employment with Microfibers, Inc. David Osei was offered certain insurance benefits as one of his employee benefits under a plan sponsored by Microfibers, Inc. and administered by Hartford Life and Accident Insurance Company ("Hartford")

The Hartford plan administrator denied plaintiff's claim for accidental death benefits effective March 3, 2006. Having exhausted all administrative remedies, this litigation ensued.

II. ISSUE PRESENTED FOR REVIEW

Whether the decision of Hartford Life and Accident Insurance Company denying accidental death benefits to plaintiff decedent's beneficiary was arbitrary and capricious.

## III. STANDARD OF REVIEW

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c). Cross-motions for summary judgment on undisputed facts require a court to determine whether either of the parties deserves judgment as a matter of law. Littlefield v. Acadia, Ins. Co., 392 F.3d 1, 6 (1st Cir. 2004) (citing Barnes v. Fleet Nat'l Bank, N.A., 370 F.3d 164, 170 (1st Cir. 2004)). Similarly, in the context of a suit arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1001-1461 (2006), the traditional summary judgment practice of drawing inferences in favor of the nonmoving party is suspended where certain criteria are met, such as where review is based only on an agreed-upon administrative record, review is an ultimate conclusion as to disability, and there is no dispute over plan interpretation. Orndorf v. Paul Revere Life Ins. Co., 404 F.3d 510, 517 (1st Cir. 2005). Because there is indeed a dispute over plan interpretation in this case, the Court will not suspend summary judgment procedure as in Orndorf, but will treat the cross-motions for summary judgment on disputed facts as a "case stated" according to Littlefield.

## IV. STATEMENTS OF THE CASE

The facts of this case are not essentially in dispute. In the early morning hours of April 16, 2005 David Osei was involved in a single vehicle accident. As a result of massive injuries he sustained he was pronounced dead at Rhode Island Hospital at 4:00 a.m. Mr. Osei was employed at Microfibers, Inc. and was scheduled to work an overtime shift from 7:00 p.m. to 11:00 p.m. A co-worker, George Ackah informed police he and Mr. Osei left work at 11:00 p.m. and met at Murray's Pub in Pawtucket at 11:45 p.m. (Record at p. 137)

Mr. Ackah stated that he did not observe Mr. Osei consume any alcohol while at Murray's. Later that evening Mr. Ackah observed Mr. Osei at another establishment, Snub's, and stated to police that Mr. Osei did not appear to be impaired. (Fact 20)

At approximately 2:30 a.m. Mr. Osei was in the company of an Elizabeth Charette, an acquaintance, who told police that Mr. Osei did not appear to be under the influence of any substance. (Fact 21)

Shortly thereafter, Mr. Osei was traveling on Route 99 in Lincoln, Rhode Island. An eyewitness told police he was traveling behind Mr. Osei and observed his vehicle gradually leaving the roadway and strike a light pole. The witness, John Arzoomanian, told police that the Osei vehicle appeared to be complying with the speed limit and did not observe anything out of the ordinary prior to the accident. (p. 136)

After the accident, Mr. Osei was transported to Rhode Island Hospital where efforts were made to revive him. He was pronounced dead at 4:10 a.m. On April 19, 2005 at 2:00 p.m. the Rhode Island Office of Medical Examiners performed an autopsy. The Forensic Toxicology Report contains an analysis which indicated an ethanol level of 89 mg/dl in postmortem heart blood. The results also showed Delta-9 THC (an active ingredient of marijuana) of 2.6 ng/ml in postmortem heart blood. (Fact 13) As a result of these tests, Hartford denied Mr. Osei's claim for death benefits. It claims that Mr. Osei's death was caused or contributed to by his intoxication and drug use. (Fact 22)

A. HARTFORD'S DECISION THAT PLAINTIFF WAS NOT ENTITLED TO BENEFITS IS NOT REASONABLE AND CONSTITUTES AN ABUSE OF DISCRETION.

Hartford has not shown that David Osei's death was caused by or contributed to alcohol or drug use. Hartford has taken the approach that the mere evidence of alcohol or drug use permits it to deny a claim. This Court has previously held that death as a result of driving while intoxicated is not, as a matter of law, non-accidental. *Kevin Stamp v. Metropolitan Life Insurance Company,*

In the instant action there isn't even sufficient evidence of intoxication. Although the policy of insurance in the instant action differs from the insurance policy at issue in *Stamp*, the analysis is the same.

In *Stamp*, plaintiff had argued that there was no evidence that plaintiff's decedent intoxication actually caused the accident. The Court held that didn't matter because the policy in question had no strict causation requirement. In the instant action there is such a requirement and Hartford has no evidence whatsoever that the mere presence of ethanol and Delta-9 THC had an effect whatsoever on David Osei or on the accident at issue.

Hartford admits the Accidental Death Plan specifically excludes loss caused or contributed to by the injured person's intoxication, as well as loss caused or contributed to by taking unprescribed drugs. (Hartford Memorandum, pg. 4) Hartford takes the position that decedent's blood alcohol exceeded the legal presumption of intoxication in Rhode Island. This is based on the Forensic Toxicology Report finding of .89 mg/dl in postmortem heart blood detected in an autopsy performed three days after the accident and the definition of legal presumption of intoxication contained in R.I.G.L. §31-27-2.

The statute in question is very specific in stating the "blood alcohol concentration must be eighth one-hundredths of one percent or more by weight". This measurement must be made by very specific instrumentation and in a very specific manner. None of that occurred here. Other than the finding of the medical examiner of .86 mg/dl in postmortem heart blood there is no evidence of intoxication. No consideration is given to the fact that the autopsy was performed three days after death.

Hartford then claims that it conducted a thorough investigation of Plaintiff's claim, diligently seeking and obtaining information relating to decedent's death (emphasis added) (Hartford memorandum, pg.5). In fact, Hartford did little to investigate the circumstances surrounding Mr. Osei's death beyond requesting by mail copies of the reports of the Lincoln Police, Rhode Island Hospital and the Medical Examiner's Autopsy report. It ignored all of the evidence in the police report including eyewitness accounts of Mr. Osei's behavior and activity hours before the accident as well as an eyewitness account of the accident itself. It ignored the police department's investigation, results and conclusions. Hartford

conducted no investigation whatsoever but instead retained a medical reviewer to essentially review the autopsy report.

The medical reviewer concluded:

> "low to moderate BAC's (0.03 to 0.05 percent) interfere with voluntary eye movements, impairing the eye's ability to rapidly track a moving target…steering…Alcohol-impaired subjects who are required to divide their attention between two tasks tend to favor one of them…(pg. 6 of Defendant's Memorandum).

There is not an iota of evidence in the instant action to suggest Mr. Osei had any of the above-described symptoms. Mr. Arzoomanian, who witnessed the accident, told police he was traveling directly behind Mr. Osei and observed his vehicle gradually leave the roadway. There was no sign of erratic driving, no weaving in and out of lanes, no speeding or sudden changes in speed or anything to suggest impaired driving ability. We have no way of knowing whether the test performed by the medical examiner was affected by the three day delay in performing the autopsy.

Hartford's conclusion that "it would be reasonable to conclude that Mr. Osei's intoxication and drug use contributed to his death is not reasonable and an abuse of discretion due to the fact that 1) there is insufficient evidence to conclude Mr. Osei was indeed intoxicated and 2) there is <u>no</u> evidence to link the presence of ethanol and Delta-9 THC to the accident. By excluding any claim based on the mere presence of these substances necessitates denying benefits to those situations in which resulting accidents had nothing to do with these substances. Under Hartford's approach, any indication of the presence of alcohol or drugs, with no additional evidence, is sufficient to bar recovery. Hartford has essentially eliminated the nexus between the presence of alcohol or drugs and the accident. Hartford has concluded that the mere presence of these substances is sufficient to prove that a driver's ability to operate a motor vehicle is impaired and therefore must necessarily cause or contribute to the motor vehicle accident.

The Court in *Eckelberry v. Reliastan Life Ins. Co.,* 402 F.Supp. 2d 704 (S.D.W. VA 2005) effectively stated this approach is flawed. That Court stated that by finding death "not unexpected opens

the door to exclude coverages for any accident in which an insured engages in some activity that increases the chances of dying". The insurance company "is taking the 'accident' out of the accident." (id at pg. 7)

## CONCLUSION

The theory put forth by Hartford is essentially that Mr. Osei is not entitled to benefits due to the fact that her husband's death was specifically excluded (because it was caused by or contributed to alcohol and drug use) and his death did not result from an accidental injury (again because of his alcohol or drug use). In all of the cases cited by Defendant in its memorandum, the insured's intoxication was not an issue. In Mr. Osei's case there is no evidence of intoxication, merely a finding by the medical examiner, three days after the accident, of minimal levels of ethanol and Delta-9 THC. A denial of benefits based solely on one fact is arbitrary and capricious and violates federal law.

Respectfully submitted,
Plaintiff,
By her Attorney,

/s/ Anthony J. Gianfrancesco

Anthony J. Gianfrancesco, Esq. (# 2762)
Baluch, Gianfrancesco, Mathieu & Szerlag
155 South Main Street
Suite 101
Providence, Rhode Island 02903
(401) 331-1434
Fax: (401) 351-9653

## CERTIFICATION

I hereby certify that I mailed a copy of the within to Katherine Parsons, Esq., 1500 Main Street, Suite 2020, Springfield, Massachusetts 01115 on the 14th day of May, 2007.

/s/ Anthony J. Gianfrancesco