UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| IDRISSA OSEI,<br>Plaintiff,<br>v.<br><br>HARTFORD LIFE AND ACCIDENT<br>INSURANCE COMPANY<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 06-274T |

**DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S OBJECTIONS TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF HER CROSS-MOTION FOR JUDGMENT ON THE RECORD**

Defendant, Hartford Life and Accident Insurance Company ("Hartford"), submits the following Objections to Plaintiff's Statement of Undisputed Material Facts in Support of Plaintiff's Cross Motion for Judgment On The Record For Judicial Review ("Plaintiff's Statement of Facts") (Document No. 24). Each of the following enumerated paragraphs corresponds with, and responds to, the numbered paragraphs stated in Plaintiff's Statement of Facts.

13. a. The facts set forth at Paragraph 13.a. are misleading and ignore the fact that Plaintiff would not have a "skull fracture, brain injuries, and bleeding from lacerations of right lung and liver due to blunt force trauma" if he had not driven his car off the road, hit a light fixture, returned to the road, drove off the road again and rolled over.

13. b. Hartford disputes the facts set forth in Paragraph 13.b. because: 1) the statement is unreliable as it cites to an obituary, which purportedly cites to a Providence Journal article, which purportedly cited to the Deputy Chief Brian Sullivan, Record for Judicial Review at 67; and 2) the statement is contradicted by the other evidence in the Record for Judicial Review, in particular the Forensic Toxicology Report, that conclusively demonstrated that Decedent was

intoxicated, and the fact that there is no other explanation for the collision. See Hartford's Opposition to Plaintiff's Cross-Motion for Summary Judgment at 5-11.

13.c. Hartford agrees that the Autopsy Report states, "Manner of Death: Accident," but notes that this is not a dispositive fact. See Mullaney v. Aetna Healthcare, 103 F.Supp.2d 486 (D.R.I. 2000)(in a case involving the Court's review of an ERISA claim for accidental death benefits, the Court concluded decedent's death was not an accident despite the fact that the autopsy report stated decedent's death was an accident).

Respectfully Submitted,

Defendant Hartford Life and Accident
Insurance Company,

By its attorney

/s/Katherine R. Parsons

Katherine R. Parsons (6810)
Crevier & Ryan, LLP
1500 Main Street, Suite 2020
Springfield, MA 01115-5532
Tel: (413) 787-2400
Facsimile: (413) 781-8235
Email: kparsons@crevierandryan.com

**CERTIFICATE OF SERVICE**

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 24th day of May, 2007.

/s/Katherine R. Parsons